```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
MARK BECKERMAN,                 :
     Plaintiff
                                :
     vs.                        :   CIVIL NO. 1:CV-05—0349

SUSQUEHANNA TOWNSHIP,           :
KEVIN SCOTT,
OFFICER JOHN DOE,               :
ERIC NELSON, and
MICHAEL PETERS,                 :
     Defendants
```

M E M O R A N D U M

I.   Introduction

      We are considering the Defendants' motion for summary judgment (doc. 21).[1]  The Plaintiff, Mark Beckerman, filed this action under 42 U.S.C. § 1983 claiming violations of his Fourth Amendment right to be free from malicious prosecution, his First and Fourth Amendment rights to travel, his First Amendment right of access to the courts, and his Fourteenth Amendment right to equal protection.  It arises from various interactions that Beckerman has had with the Susquehanna Township Police Department

---

[1] Defendant Susquehanna Township filed a previous motion for summary judgment (doc. 9).  Subsequent to the filing of the motion, the Plaintiff filed two amended complaints.  Therefore, we will dismiss Susquehanna Township's motion for summary judgment regarding the original complaint as moot.

over a number of complaints that Plaintiff has made concerning his neighbor's dogs.[2]

II.  Facts[3]

   A.  Incident on May 26, 2003

On May 26, 2003, Defendant Kevin Scott responded to a complaint made by the Plaintiff against his neighbor, Michael Peters.  In his police report, Scott wrote that Beckerman told him that while walking past Peters' house with his puppy, Peters' two dogs approached and he feared they would attack his puppy. (Doc. 22, Def. Brief in Support, Ex. C).  He further reported that Beckerman claimed that an argument followed which resulted in Peters pushing him.  (*Id*.).  Defendant Scott noted that Plaintiff only wanted him to speak to Peters, which he did. (*Id*.).  He reported that Beckerman was satisfied.  (*Id*.).

The Plaintiff, however, maintains that his puppy was actually attacked by the dogs and that Peters hit him from behind while he was defending his puppy.  (Doc. 30, Ex. A. Beckerman Affidavit, ¶¶ 5-6).  He further contends that he wanted Defendant Scott to issue a citation (*Id*. at ¶¶ 10-11), but instead Scott

---

[2] We note that the current motion includes only those claims against the Township and police officers.  This memorandum does not address the Plaintiff's claims against Michael Peters.

[3] The Plaintiff has admitted many of the facts submitted by the Defendants' in their statement of material facts. (Docs. 22 & 29).  Therefore, unless otherwise noted, the facts are taken from the Defendants' statement.  (Doc. 22).

2

told Plaintiff to only walk his puppy behind his house and not on the public streets. (*Id*. at ¶ 9). Defendant Scott maintains that he suggested to Beckerman that walking his puppy behind his house, and not in front of Peters' house, may help to avoid further conflict. (Doc. 22, Def. Brief in Support, Ex. B, ¶ 4). He states that he did not order Plaintiff to stay off public roads with his puppy. (*Id*.).

### B. Incident on November 23, 2003

On November 23, 2003, Defendant Scott responded to a complaint from Mr. Peters regarding the Plaintiff. Peters informed Scott that while he and his family were hanging Christmas lights, Beckerman began to yell at them and said that he would kill the Peters' dogs. Plaintiff was cited for harassment and the charge was eventually dismissed.

### C. Incident on December 18, 2004

On December 18, 2004, Defendant Eric Nelson responded to a complaint from Beckerman about his neighbor's dogs. In his report, Nelson noted that the Plaintiff was complaining about Peter's dogs roaming at large while he was working on a fence which bordered the Peters' property. (Doc. 22, Def. Brief in Support, Ex. F). Plaintiff maintains, however, that he was attacked by the dogs. (Doc. 30, Ex. A. Beckerman Affidavit, ¶ 25). Nelson then spoke with Mr. Peters' daughter, Megan Peters, who admitted that the dogs ran away when she let them out. When

3

he was informed of this, Plaintiff insisted that someone be cited and Nelson cited Megan Peters. Defendant Nelson informed the Plaintiff that he could be present for the citation hearing. (Doc. 22, Def. Brief in Support, Ex. E, ¶ 4). When Plaintiff informed him that he wanted to bring an attorney, Nelson told him that it would not be necessary because Defendant Nelson would present the case against Megan Peters. (*Id.*).

III. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986). In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 553 (1986). Summary judgment must be entered in favor of the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." 475 U.S. at 586-87, 106 S. Ct. at 1356, 89 L. Ed. 2d at 552 (citations omitted). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts.

4

*Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

IV.  Discussion

    A.  Malicious Prosecution

In his Complaint, Beckerman asserts that Defendant Scott violated his Fourth Amendment right to be free from malicious prosecution in connection with the harassment charge arising from the November 23, 2003, incident.  Scott argues that Plaintiff's claim must fail because he cannot establish that he was "depriv[ed] of liberty consistent with the concept of seizure as a consequence of the legal proceeding."  *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).  The Plaintiff has not addressed the malicious prosecution claim in his opposition brief.

> To prevail in a Section 1983...malicious
> prosecution action, a plaintiff must show:
> (1) the defendants initiated a criminal
> proceeding; (2) the criminal proceeding
> ended in the plaintiff's favor; (3) the
> proceeding was initiated without probable
> cause; (4) the defendants acted maliciously
> or for a purpose other than bringing the
> plaintiff to justice; and (5) the plaintiff
> suffered a deprivation of liberty consistent
> with the legal concept of seizure as a
> consequence of a legal proceeding.

*Id.*  Even assuming that Plaintiff can satisfy the first four elements of a malicious prosecution claim, we agree with the Defendant that Plaintiff cannot satisfy the fifth element.  In *DiBella*, the Third Circuit held that "[a]ttending one's trial is

5

not a government 'seizure' in a 42 U.S.C. § 1983 malicious prosecution action for violation of the Fourth Amendment." *Id*. at 603. A Fourth Amendment seizure occurs when a plaintiff has been subject to "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions." *Id*. Beckerman was not subjected to any custody or "onerous" restrictions and Plaintiff's malicious prosecution claim must fail.

    B.  <u>Right to Travel</u>

The Plaintiff's Complaint alleges that Defendant Scott violated his "1st and 4th Amendment right to move about freely unrestricted by unlawful police orders" by ordering him not to walk his dog on public roads or on a private drive bordering his home. The Defendant argues that for purposes of his Fourth Amendment claim, the Plaintiff has not alleged or proven a "seizure" by Scott. He also contends that Beckerman's claim is not a First Amendment violation. Finally, the Defendant argues that he never ordered the Plaintiff not to walk his dog on the public streets. Rather, he suggested to Beckerman that he might avoid conflict with his neighbor if he walked his dog away from Peters' property.

Plaintiff contends that Scott ordered him to keep his dog off public streets and that this was a violation of his rights because he has an "absolute right" to travel on public roads and streets. He further argues that he was "seized" for Fourth Amendment purposes by Defendant Scott's order. In support

6

he relies on *Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997), for the proposition that pretrial travel restrictions and required attendance in court can constitute a seizure.

Like the Defendant, we have found no case law to support the contention that there is a First Amendment right to travel. The Plaintiff's Fourth Amendment claim must also fail. Assuming that Defendant Scott ordered the Plaintiff not to walk his dog on public streets, the order was not in conjunction with any criminal proceeding brought against the Plaintiff. *DiBella*, 407 F.3d at 603 ("The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution,...."). Plaintiff cannot show that Scott's order violated his Fourth Amendment right to travel because it was not associated with a criminal prosecution of the Plaintiff.

   C.   Access to Courts

Defendant Nelson argues that Beckerman's claim of a denial of his First Amendment right of access to the courts must fail because Plaintiff has not shown that he attempted to petition a court or that any such attempt was prevented by Defendant Nelson. The Defendant contends that Beckerman cannot show that he was denied access to the courts because he was able to bring an attorney to Megan Peter's hearing and was heard by the District Justice.

7

In order to show a denial of access to the courts, "it must first be shown that the proceeding involves access to the courts and that some actual injury...has occurred" *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982).  The actual injury requirement is satisfied if a plaintiff can show that the defendant "took or was responsible for actions that 'hindered [the plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997)(*citing Lewis*, 518 U.S. at 351, 116 S. Ct. at 2180, 135 L. Ed. 2d at 618).  The Plaintiff contends that Defendant Nelson wanted to deny him access to the courts by trying to dissuade him from bringing an attorney to Megan Peter's hearing.  However, Beckerman brought an attorney to the hearing and he cannot show that Nelson's actions resulted in an actual injury.  He was able to obtain the access that he desired.

### D. Equal Protection

The Plaintiff's final argument is that Susquehanna Township deprived him of his "14th Amendment rights to enjoy equal treatment in the enforcement of laws as compared to other persons similarly situated[.]" (Doc. 18, Second Amend. Compl., p. 7).  In its brief, the Township analyzes this claim as one of either a violation of substantive or procedural due process.  In his opposition brief, however, Beckerman asserts that he is not claiming a due process violation but rather a equal protection violation under a "class of one" theory.  He argues that he was

8

intentionally treated in a different manner than his neighbors when reporting incidents to the police.  The Township replies that Plaintiff has offered no evidence to show that it acted in an "intentional and arbitrary" manner, as required for a successful claim under a "class of one" theory.  The Defendant further contends that Beckerman has produced no evidence to show that he was treated differently from others similarly situated or to show that his neighbor, Mr. Peters, is similarly situated.  Finally, the Township maintains that the police did not have a mandatory duty to act in the manner desired by the Plaintiff.  In support of this argument, the Township relies on *Town of Castle Rock, Colorado v. Gonzales*, ___ U.S. ___, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005).

     A plaintiff can prevail on an equal protection claim if "...he belongs to a 'class of one' and was intentionally treated differently from others similarly situated without any rational basis."  *Mayer v. Gottheiner*, 382 F.Supp,2d 635, 651 (D.N.J. 2005)(*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)).  "[T]he number of individuals in [the] class is immaterial for equal protection analysis."  *Olech*, 528 U.S. at 564 n.1, 120 S. Ct. at 1074 n.1, 145 L. Ed. 2d at 1063 n.1.  A plaintiff must be able to demonstrate that he was treated differently and that this treatment was "irrational and arbitrary."  *Mayer*, 382 F.Supp.2d at 651.

9

The Defendant argues that Beckerman cannot demonstrate that he was treated differently from others similarly situated, because he produced no evidence to support this allegation. The Plaintiff contends that he was treated differently than others similarly situated, specifically his neighbor. Beckerman maintains that when he contacted the police regarding Peters' dogs, the officers either failed to issue a citation or issued a citation with reluctance; but when his neighbor called the police regarding Beckerman's supposed harassment, the Plaintiff was immediately cited.

In order for Beckerman to establish that he was treated differently from others similarly situated, he would need to show that all complaints regarding dogs, except those he made, resulted in immediate citations. *See Mayer*, 382 F.Supp.2d at 655 (where plaintiff alleged that defendants failed to adequately investigate his complaint about threats with a gun, his failure to produce evidence to show "that all allegations of gun possession, except those he made, lead to searches" meant that his equal protection claim failed). Mr. Peters cannot be considered to be similarly situated because his complaint against Beckerman involved harassment, not the behavior of Plaintiff's puppy. Since there is no evidence to show that the police treated other dog-related complaints in a manner different than those made by the Plaintiff, his equal protection claim must fail. *See American Fabricare v. Township of Falls*, 101 F.Supp.2d

10

301, 309 n.14 (E.D.Pa. 2000)(Noting that in order to survive a motion for summary judgment "...plaintiff must do more than merely state an equal protection claim; [he] must produce evidence to support [his] claim of disparate treatment.").[4]

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge

Date: October 13, 2005

---

[4] Since we have found that the there is no evidence to show that Plaintiff was treated differently than others similarly situated, we need not determine whether the actions of the police were "irrational and arbitrary."

11

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MARK BECKERMAN,                  :
         Plaintiff
                                 :

         vs.                     :    CIVIL NO. 1:CV-05-0349

SUSQUEHANNA TOWNSHIP,            :
KEVIN SCOTT,
OFFICER JOHN DOE,                :
ERIC NELSON, and
MICHAEL PETERS,                  :
         Defendants
```

O R D E R

AND NOW, this 13th day of October, 2005, it is ordered that:

    1. Defendant Susquehanna Township's first motion for summary judgment (doc. 9) is dismissed as moot.

    2. Defendants Susquehanna Township, Eric Nelson and Kevin Scott's motion for summary judgment (doc. 21) is granted. The Clerk of Court shall enter judgment in favor of Defendants Susquehanna Township, Eric Nelson and Kevin Scott and against the Plaintiff.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge