```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK BECKERMAN,                  :
         Plaintiff
                                 :

         vs.                     :   CIVIL NO. 1:CV-05—0349

SUSQUEHANNA TOWNSHIP,            :
KEVIN SCOTT,
OFFICER JOHN DOE,                :
ERIC NELSON, and
MICHAEL PETERS,                  :
         Defendants
```

M E M O R A N D U M

I.   Introduction

      We are considering the Defendant, Michael Peters, motion to dismiss the second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(5)[1] & (6) and for attorney's fees pursuant to 42 U.S.C. § 1988(b).[2]  The Plaintiff, Mark Beckerman, filed this action under 42 U.S.C. § 1983 claiming that the Defendant had violated his Fourth Amendment right to be free from malicious prosecution.  He also brings a supplemental state law assault claim.  This action

---

[1] "Defendant's motion to dismiss for failure to complete proper service, invokes Fed.R.Civ.P. 12(b)(5)." *Suegart v. U.S. Customs Service*, 180 F.R.D. 276, 278 (E.D.Pa. 1998).

[2] This memorandum addresses the claims against Defendant Peters.  We previously granted the motion for summary judgment filed by the Township and police officers. *Beckerman v. Susquehanna Township, et al.*, No. 1:CV-05-349, slip op. (M.D. Pa. Oct. 13, 2005)(Caldwell, J.).

arises from various disputes between the parties regarding Peters' dogs.

II.   Standard of Review

In ruling on a motion to dismiss for failure to state a claim we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in the Plaintiff's favor.  *Kelly v. Borough of Sayerville, N.J.*, 107 F.3d 1073, 1075 (3d Cir. 1997).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Angstadt v. Midd-West School Dist.*, 286 F.Supp.2d 436, 439 (M.D.Pa. 2003)(McClure, J.)(*citing General Motors Corp. v. New A.C. Chevrolet*, 263 F.3d 296, 333 (3d Cir.2001)).  In a Rule 12(b)(5) motion, "the party making the service has the burden of demonstrating validity when an objection to the service is made." *Suegart v. U.S. Customs Service*, 180 F.R.D. 276, 278 (E.D.Pa. 1998).

42 U.S.C. § 1988(b) allows for attorney's fees to be awarded for actions brought under 42 U.S.C. § 1983.  In pertinent part, § 1988(b) provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs [of litigation]...."  While a defendant may be a "prevailing party" for purposes of the statute, the standard for awarding fees "to prevailing defendants is more stringent than that for

awarding fees to prevailing plaintiffs." *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 157-8 (3d Cir. 2001). "[A] prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation....'" *Id.* at 158 (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648, 657 (1978)). However, the defendant need not show that the plaintiff brought the action in "subjective bad faith." *Barnes Foundation,* 242 F.3d at 158.

III.  Discussion

    A.  Motion to Dismiss

Beckerman contends that Peters violated his right to be free from malicious prosecution and violated Pennsylvania tort law by assaulting him.  The Defendant has moved to dismiss on two grounds.  First, he argues that the amended complaint fails to state a claim upon which relief can be granted.  Second, he maintains that we should dismiss the complaint because the Plaintiff failed to serve him in the time allowed under Federal Rule of Civil Procedure 4(m).  We will address the Defendant's second contention.

The Defendant contends that the service of the second amended complaint was beyond the 120 days provided for in Rule 4(m). By way of background, the Plaintiff filed his original complaint on February 18, 2005.  The Defendant was not listed as

3

a party to this action until the filing of the first amended complaint on May 2, 2005. On May 27, 2005, we allowed Plaintiff to file a second amended complaint. He served Peters with the second amended complaint on September 2, 2005. (Doc. 33, Pl. Motion to Dismiss, Ex. A, Peters' Dec.). However, the Plaintiff had 120 days from May 2, 2005, to serve the Defendant. *See Zhang v. Haven-Scott Associates, Inc.*, 1996 WL 355344 at * 5 (E.D.Pa. 1996)(citing cases)(noting that while the filing of an amended complaint begins a new service period for new defendants, it does not extend the service period for those previously named in a complaint). Service should have been effected by August 30, 2005.

Rule 4(m) provides that service of a complaint and summons shall be made within 120 days of the complaint being filed. If service is not accomplished in the time allotted, a district court can either dismiss the action without prejudice or provide a time period for service to be effected. The rule also provides that if a plaintiff shows good cause for the failure to effect service, the district court shall extend the time period for service. *See Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)("We read the new rule to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause."). When considering an extension of time a district court should first "determine

4

whether good cause exists...." *Id*. If good cause does not exist, the court may then exercise its discretion to either dismiss the case or extend time. *Id*.

The Third Circuit has "equated good cause with the concept of excusable neglect of Federal Rule of Civil Procedure 6(b)(2), which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)(internal quotations omitted). The Plaintiff attempts to argue that he had good cause for his untimely service on Peters because Peters was attempting to evade Plaintiff's diligent attempts to serve him. As noted by the Defendant, however, the Plaintiff has only provided the court with unsigned "affidavits" to support his contentions and we will not consider them as evidence of Peters' supposed evasion of service. Even assuming that the information contained in these affidavits was properly before us, they show, at the most, that Plaintiff attempted to serve Peters at the beginning of the service period and then did not make additional attempts until the end of the period. Since there is no support for Plaintiff's contentions, we cannot find that Plaintiff has demonstrated good cause for failure to timely serve Peters.

Next, we must determine whether we should exercise our discretion to extend the time for service. Neither party has

addressed this aspect of the Rule 4(m) analysis.  There are a number of factors that influence our determination.  Plaintiff never sought an extension of time before he served the Defendant outside the 120-day period.  There is also no evidence, contrary to Beckerman's assertions, that the Defendant evaded service or tried to "[conceal] a defect in attempted service." *Petrucelli*, 46 F.3d at 1305-6 (stating that evading service or concealing defects in attempted service are factors to consider in granting an extension of time).[3]  Finally, we are aware that should we dismiss the complaint without prejudice, Plaintiff may be prohibited from re-filing because of the statute of limitations.[4]  As previously discussed, however, Beckerman unsupported assertions merely demonstrate that counsel made very few attempts at service.  "[H]alf-hearted efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has

---

[3] We are aware that Plaintiff maintains that a waiver of service was sent to Peters.  However, he has provided no evidence to refute Peters' signed declaration in which he states that the waiver request did not contain a pre-paid means by which to return the request.  Federal Rule of Civil Procedure 4(d)(2)(G) requires that a waiver request include a pre-paid means to return the waiver.

[4] According to the second amended complaint, the events alleged by Plaintiff took place in May 2003.

6

run." *Id*. at 1307 (*quoting Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987)(internal quotations omitted).

Considering that Plaintiff has made no real attempt to persuade us that we should grant him an extension of time, we will not exercise our discretion to do so.  The Plaintiff's second amended complaint will be dismissed without prejudice in accordance with Rule 4(m).  Since we are dismissing the complaint for failure to timely serve process, we do not reach the Defendant's argument that the complaint fails to state a claim.

### B. Attorney's fees

The Defendant moves for attorney's fees pursuant to 42 U.S.C. § 1988(b).[5]  In order to receive attorney's fees, Peters must be consider the prevailing party in this case.  However, "[a] party who prevails on a purely procedural issue,...is not considered a prevailing party." *N.A.A.C.P. v. Wilmington Medical Center, Inc.*, 689 F.2d 1161, 1165 (3d Cir. 1982).  Since we have not reached the merits of the claims against the Defendant, he cannot be considered a prevailing party in this instance.

---

[5] In his reply brief, Defendant also asserts that fees are proper under 28 U.S.C. § 1927.  However, the Plaintiff has had no opportunity to respond to this argument and we will not consider it.

7

   We will enter an appropriate order.


              <u>/s/William W. Caldwell</u>
              William W. Caldwell
              United States District Judge

Date: December 21, 2005

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MARK BECKERMAN,                     :
        Plaintiff
                                    :

        vs.                         :   CIVIL NO. 1:CV-05-0349

SUSQUEHANNA TOWNSHIP,               :
KEVIN SCOTT,
OFFICER JOHN DOE,                   :
ERIC NELSON, and
MICHAEL PETERS,                     :
        Defendants
```

O R D E R

AND NOW, this 21st day of December, 2005, it is ordered that:

    1. The Defendant's motion to dismiss (doc. 33) is granted.  Pursuant to Fed. R. Civ. P. 4(m), the Plaintiff's amended complaint (doc. 18) is dismissed.

    2. The Defendant's motion for attorney's fees (doc. 33) is denied.

    3. The Clerk of Court shall close this file.


    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge